IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 15 2012
JAMES W. McCORMACK, CLERK
By: SDW
              DEP CLERK

| | |
|---|---|
| JOSEPH SANSEVERO, | ) |
| | ) |
| Plaintiff, | ) |
| | )    4:12 cv 641 BRW |
| v. | ) |
| | ) |
| PALISADES COLLECTION, LLC. | )    This case assigned to District Judge Wilson |
| | )    and to Magistrate Judge Ray |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH SANSEVERO, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, PALISADES COLLECTION, LLC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JOSEPH SANSEVERO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bigelow, County of Perry, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff's ex-wife (hereinafter, "the Debt").

6. The Debt was for automobile loan and/or automobile financing allegedly owed by Plaintiff's ex-wife relative to her personal vehicle.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PALISADES COLLECTION, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of New Jersey.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. The debt that Defendant was attempting to collect from Plaintiff was, upon information and belief, a debt incurred for personal use and/or for household expenditure.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

15. Plaintiff's ex-wife allegedly incurred the Debt.

16. At the time Plaintiff's ex-wife allegedly incurred the Debt, Plaintiff and his ex-wife were not married.

17. Plaintiff was not a co-signer for the loan allegedly obtained by his ex-wife relative to the Debt that was incurred.

18. Plaintiff is neither legally responsible nor obligated to pay the Debt.

19. Within one (1) year from the date of filing this Complaint through in or around August 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

20. During the course of the aforesaid time period, Defendant initiated the aforesaid telephone calls to Plaintiff at Plaintiff's residence.

21. During the course of the aforesaid time period, Defendant also initiated the aforesaid telephone calls to Plaintiff at Plaintiff's cellular telephone number.

22. During the course of the aforesaid time period, Defendant initiated at least one (1) telephone call to Plaintiff subsequent to 9:00 p.m., Central Standard Time.

23. During the course of the aforesaid time period, Plaintiff was residing in the Central Standard Time zone.

24. During the course of the aforesaid time period, Defendant knew or reasonably should have known that it would be inconvenient for Plaintiff to receive at least one (1) telephone call from Defendant, subsequent to 9:00 p.m. Central Standard Time.

25. Within one (1) year from the date of filing this Complaint through in or around August 2012, Plaintiff engaged in multiple telephone conversations with Defendant wherein Defendant attempted to collect the Debt from Plaintiff.

26. On multiple occasions, during the aforesaid time period, Plaintiff informed Defendant that he was not responsible to pay for the Debt.

27. Plaintiff, on multiple occasions, further informed Defendant that the Debt was incurred by his ex-wife after Plaintiff and his ex-wife were no longer married.

28. Plaintiff, on multiple occasions, also informed Defendant that he was not a co-signer for the loan obtained by his ex-wife relative to the Debt that was incurred.

29. Plaintiff, on multiple occasions, requested that Defendant stop calling him in an attempt to collect the Debt.

30. During the course of the aforesaid time period, despite Plaintiff having made the aforesaid statements to Defendant, on multiple occasions, Defendant continued to initiate telephone calls to Plaintiff in a further attempt to collect the Debt.

31. During the course of the aforesaid time period, despite Plaintiff having made the aforesaid statements to Defendant, on multiple occasions, Defendant informed Plaintiff that he had to pay the Debt.

32. Defendant also informed Plaintiff, on multiple occasions, that because he was previously married to his ex-wife that he was obligated to pay the Debt that she incurred.

33. Defendant's statements that Plaintiff had to pay the Debt were false, deceptive and/or misleading given that Plaintiff is neither legally responsible nor obligated to pay the Debt.

34. Defendant's statements that Plaintiff had to pay the Debt misrepresented the character, nature and/or legal status of the Debt as a debt Plaintiff was legally responsible to pay even though Plaintiff was not legally responsible to pay the Debt.

35. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

36. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH SANSEVERO, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

37. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

38. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

39. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, JOSEPH SANSEVERO, by and through his attorneys, respectfully prays for judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

      c.      Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

      d.      Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

41.      Plaintiff hereby demands a trial by jury on all issues so triable.

                                                    Respectfully submitted,
                                                    **JOSEPH SANSEVERO**

                                            By: _[signature]_

                                                    David M. Marco
                                                   Attorney for Plaintiff

<u>Dated: October 8, 2012</u>

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      <u>dmarco@smithmarco.com</u>